McAuley v. State.

*David Rorer*, for appellant.

*H. W. Starr* and *J. C. Hall*, for appellee.

———•◆•———

## McAuley v. State.

A party has no right to use force, unless really necessary to protect his possession or property.

An assault not justified by a mere suspicion or fear of an encroachment.

### Error to Henry District Court.

*Opinion by* Greene, J. James McAuley was sued before a justice of the peace for an assault and battery on Leonard Farr. The defendant was found guilty and fined five

dollars. He took an appeal to the district court, where a verdict of guilty was again returned and a fine of five dollars assessed.

On request in behalf of the state, it appears that the court instructed the jury that "if Farr had a right to make improvements on the farm that would not interfere with the farming operations of McAuley, he had a right to enter on the farm for that purpose, and defendant had no right to resist him by force, if he came to make improvements, unless he actually commenced making improvements that interfered with said farming operations: and that if Farr had a right to enter on the farm for the purpose of making improvements, he had constructive possession, so far as relates to the making of said improvements." It is now asserted that the court erred in giving this instruction. The proposition is self-evident, that if a person has a right to enter a close for any given purpose, he cannot be treated as a trespasser unless he abuses that right. It does not appear from the record that Farr had attempted to go beyond the limit of his right. In that particular the argument of counsel is not sustained by the record.

The defendant below had no right to use force unless it was really necessary to protect his possession or to prevent an injury to his property. A fear or mere suspicion that Farr might encroach upon his possession could not justify the assault.

Judgment affirmed.

*J. C. Hall*, for plaintiff in error.

*J. T. Morton*, for the State.